UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON DWAIN HOGAN,<br><br>Petitioner,<br><br>v.<br><br>RON DAVIS,<br><br>Respondent. | No. 2:14-cv-01201 DAD P<br><br>ORDER AND<br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. <u>See</u> 28 U.S.C. § 1915(a).

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1); <u>see</u> <u>also</u> <u>Rose v. Lundy</u>, 455 U.S. 509, 515 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all the claims before presenting them to the federal court. <u>Picard v. Connor</u>, 404 U.S. 270, 276 (1971); <u>Middleton v. Cupp</u>, 768 F.2d 1083, 1086 (9th Cir. 1985). The exhaustion "requirement serves to minimize friction between federal and state courts by allowing the state an initial opportunity to pass upon and correct alleged violations of a

1  petitioner's federal rights, and to foster increased state court familiarity with federal law."
2  Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).  If exhaustion is to be waived, it must be
3  waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).[1]  A waiver of exhaustion,
4  thus, may not be implied or inferred.

5  In his habeas petition pending before this court, petitioner asserts that he did not appeal
6  his judgment of conviction to the California Supreme Court and that he did not raise the claims
7  for relief presented in his pending federal petition in any post-conviction proceedings before the
8  state courts.  Petitioner asserts, however, that he exhausted his "state remedies" by submitting a
9  claim to the Victim's Compensation and Government Claims Board (VCGCB).  (See ECF No. 1
10 at 8 & 10.)  The filing of such an administrative damages claim does not provide the highest state
11 court with an opportunity to consider petitioner's claims for relief and therefore does not satisfy
12 the habeas exhaustion requirement.

13 Petitioner has also filed a motion for the appointment of counsel "of his choice who is not
14 a member of the California State Bar Association and who is not a licensed attorney[.]"  (ECF
15 No. 3 at 2.)  There currently exists no absolute right to appointment of counsel in habeas
16 proceedings.  See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996).  However, 18 U.S.C. §
17 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so
18 require."  See Rule 8(c), Fed. R. Governing § 2254 Cases.  In the present case, particularly given
19 the lack of exhaustion, the court does not find that the interests of justice would be served by the
20 appointment of counsel at the present time.

21 In accordance with the above, IT IS HEREBY ORDERED that:
22 1. Petitioner's May 16, 2014 motion to proceed in forma pauperis (ECF No. 2) is granted;
23 2. Petitioner's May 16, 2014 motion for the appointment of counsel (ECF No. 3) is
24 denied; and
25 3. The Clerk of the Court is directed to randomly assign this case to a District Judge.
26 /////

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

2

Also, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed for failure to exhaust his claims by presenting them to the highest state court prior to seeking federal habeas relief.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 28, 2014

*[signature: Dale A. Drozd]*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
hog1201.103